KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
MARK A. LEMLEY - #155830
ASIM M. BHANSALI - #194925
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
E-Mail: ddurie@kvn.com
         mlemley@kvn.com
         abhansali@kvn.com

Attorneys for Defendant
IMPAX LABORATORIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASTELLAS PHARMA INC. and BOEHRINGER INGELHEIM PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> v. <br><br> IMPAX LABORATORIES, INC., <br><br> Defendant. | Case No. 5:08-cv-03466 JW <br><br> **DEFENDANT IMPAX LABORATORIES, INC.'S MOTION TO SHORTEN TIME (Local Rule 6-3)** <br><br> Judge: Honorable James Ware <br><br> Date Comp. Filed: July 18, 2008 <br><br> Trial Date: None Set |

## I. INTRODUCTION

Defendant Impax Laboratories, Inc. brings this motion in response to the Court's *sua sponte* decision to move the hearing on Impax's summary judgment motion from the noticed date of August 25, 2008, to November 3, 2008, and respectfully requests that the Court either reinstate the original hearing date, or hear the motion on the earliest-available date thereafter. As explained below, a summary judgment hearing and ruling may obviate the need for further proceedings, regardless of which party prevails. In two telephone calls, one before and one after the Court's setting the November 3, 2008 hearing date, Plaintiffs have refused to offer a date on which they might be available for a hearing. Thus, this motion is opposed, but the basis of Plaintiffs' opposition is less than clear, as explained below.

For unusual reasons, all of the disputed issues in this case are already ripe for resolution. The disputed issues are atypically narrow, in large part because Plaintiffs (with the very attorneys representing them in this case) have already litigated an identical case based on the same patent and branded drug, but against a different filer of an Abbreviated New Drug Application ("ANDA"). Just last year, Plaintiffs won summary judgment in that District of New Jersey action by prevailing on a single question of law—whether Plaintiff Astellas was entitled to patent certain chemical compounds where it already owned a patent covering the processes for producing those specific compounds—and then settled on appeal. *See Astellas v. Ranbaxy* ("*Ranbaxy*"), 2007 WL 576341 (D.N.J. Feb. 21, 2007). That same question, following an intervening Federal Circuit decision, is also the crux of this case.

In fact, Impax so firmly believes that this matter can and should be decided as a matter of law that its motion requests that, if the Court does not grant summary judgment for Impax, it should grant summary judgment for Plaintiffs, so that the case may proceed to appeal. A prompt hearing on the summary judgment motion will thus obviate the need for further proceedings in this case, including the status conference also currently set for November 3, 2008.

Although a two-month delay would be inconsequential in many lawsuits, the delay makes a big difference here. Plaintiffs have sued Impax for filing an ANDA seeking approval to market a generic version of plaintiff Boehringer Ingelheim Pharmaceuticals, Inc.'s branded drug

1

422241.01

DEFENDANT IMPAX LABORATORIES, INC.'S MOTION TO SHORTEN TIME
CASE NO. 3:08-CV-03466 JW

1  Flomax®, alleging that Impax's ANDA infringed a patent owned by Plaintiff Astellas Pharma
2  Inc.  Although Impax believes that the relevant claims of the patent are invalid, Impax cannot
3  benefit from challenging the validity of those claims unless it succeeds in that challenge
4  (including any necessary appeal of a trial court decision against it) in the mere 15 months that
5  remain before the patent expires.

## II.   BACKGROUND

7      This suit arises under the Hatch-Waxman Act ("the Act"), which allows a generic drug
8  company to file an ANDA requesting permission to make and sell a generic version of a branded
9  drug, even if the branded drug company has stated that a patent would cover such a product.  The
10 applicant must notify the branded drug company and the relevant patentee of the ANDA filing
11 and explain why the patent is either invalid or not infringed.  *See* 21 U.S.C. §§
12 355(j)(2)(A)(vii)(IV) & 355(j)(2)(B).  The branded drug company and patentee have 45 days
13 from receipt of such notice to bring an infringement action, which automatically triggers a 30-
14 month delay in the approval process.  *See* 21 U.S.C. § 355(j)(5)(B)(iii).  Because of this 30-
15 month delay, Plaintiffs have every incentive to postpone the resolution of the case.  If they can
16 only prevent Impax from winning in the next 15 months, they will have succeeded in excluding
17 competitors from the market based on an invalid patent.

18     Plaintiffs' actions already indicate that delay is their primary objective.  Despite having
19 already litigated the same issues against a different defendant, Plaintiffs nevertheless waited until
20 the 43rd day after Impax's notice letter to file suit.  Plaintiffs' waiting was clearly a tactical
21 decision, as nothing in their six-page Complaint required that amount of time to draft.  *See*
22 Complaint.  Plaintiffs' posture in meet and confer regarding the summary judgment also
23 demonstrates their strategy of delay.  Impax initiated communications about its summary
24 judgment motion by letter on the business day after Plaintiffs filed suit.  Declaration of Asim M.
25 Bhansali In Support of Motion to Shorten Time ("Bhansali Decl.") ¶ 2 & Ex. A.  To date, Impax
26 has sent two letters and participated in two telephone conferences with opposing counsel, but has
27 been unable to get an answer to the simple question of whether any scheduling conflict would
28 prevent Plaintiffs from attending a hearing on the dates that Impax proposed.  *Id.* ¶¶ 2-7 &

1  Exs. A-D.  Furthermore, even though Impax's original letter described precisely the grounds on
2  which Impax would move for summary judgment, Plaintiffs continue to say they need to review
3  the papers in more detail before they can determine how much time is required to respond.  *Id.*
4  Exs. A-B & D.  And, even though Impax initiated communications as early as possible, Plaintiffs
5  put off responding so that they could then claim attorney travel as grounds for further delay.  *Id.*
6  ¶¶ 3, 6-7 & Exs. B-D.

### III.   LEGAL STANDARD

Under the Federal Rules, defendants have the right to bring summary judgment motions from the very beginning of a case.  Fed. R. Civ. P. 56(a) (permitting defendants to move for summary judgment "at any time").  The Federal Rules do not require a defendant to wait on other procedural events if summary judgment is appropriate at the outset of the case.

### IV.   ARGUMENT

**A.   Subject to the Court's Schedule, There Is No Obstacle To An Earlier Hearing**

All of the excuses Plaintiffs have offered for refusing to agree to a hearing date are baseless.  First, Plaintiffs have said attorney travel precludes them from telling Impax their availability for a hearing.  There is no reason that it should take a week or more for Plaintiffs to ascertain their availability for on the dates Impax proposed.  The law firm that Plaintiffs have retained boasts over 90 litigators, including no fewer than six—three partners and three associates—who tout their work on *Ranbaxy*.  Bhansali Decl., Ex. E.  Someone should be able to answer that question.  Second, Plaintiffs' demand to see Impax's motion before discussing a hearing date, *see id.,* Ex. B, is not reasonable and is surely an unprecedented arrogation of power by a non-movant.  In any event, Impax actually told Plaintiffs what the motion would be about even before the phone call, by letter the day after plaintiffs filed their complaint.  *Id.,* Ex. A.  Moreover, in a second phone call on the second business day after Impax's filed it motions, Plaintiffs claimed that they still could not give an available hearing date because of attorney travel, and could not do so for another week.  *Id.* ¶ 7.  Third, any complaint by Plaintiffs about the size of Impax's filing is similarly groundless.  Impax's brief is the standard 25 pages in length, and, in fact, largely reprises the summary judgment arguments in *Ranbaxy*.  Although the

exhibits are voluminous, the overwhelming majority are from *Ranbaxy*, consisting of the summary judgment papers, complaint and docket sheet. Plaintiffs are intimately familiar with those documents. Only 5 exhibits are new to Plaintiffs; these exhibits comprise excerpts from various dictionaries, treatises and the Patent Office's Manual of Patent Examining Procedure.

### B. This Case Is Ripe For Resolution Now

The central question in this case is whether certain claims of the asserted patent are invalid on the grounds of nonstatutory double patenting. If those claims are valid, Impax's answer, filed four days after the Complaint, already admits that Impax infringed them. The only other question in the case is whether Plaintiffs can pursue an infringement claim based on any of the remaining claims of the patent—claims that they did not even assert in *Ranbaxy*.

The first question is unusually narrow for an invalidity inquiry. Unlike many invalidity arguments, which might encompass a wide universe of prior art and arguments about the applicability thereof, the nonstatutory double patenting inquiry is limited to a comparison of the earlier and later patent claims to determine whether the later claims are "patentably distinct" from the earlier ones. *See Eli Lilly & Co. v. Barr Labs.*, 251 F.3d 955, 968 (Fed. Cir. 2001). This question is decided as a matter of law. *See Georgia-Pacific Corp. v. U.S. Gypsum Co.,* 195 F.3d 1322, 1326 (Fed. Cir. 1999). Moreover, because of *Ranbaxy*, Plaintiffs are collaterally estopped from contesting certain holdings in that case, including the *Ranbaxy* court's claim construction. *See Pfaff v. Wells Elecs., Inc.*, 5 F.3d 514, 518 (Fed. Cir. 1993).

The infringement issues on the second question are really uncontested, despite Plaintiffs' unwillingness to so admit thus far. Impax's argument rests entirely upon concrete factual admissions that Plaintiffs made either on the record in *Ranbaxy* or in proceedings before the Patent Office. Each of those admissions contradicts a specific element of the remaining thirteen claims, conclusively demonstrating noninfringement of those claims. Discovery will not allow Plaintiffs to contradict their earlier statements.

Indeed, all the evidence cited in Impax's motion is subject to judicial notice, and its motion could have been brought as either a motion to dismiss or a motion for judgment on the

pleadings.  The choice of summary judgment as the vehicle was intended to maximize the chance of a conclusive ruling by allowing all relevant information to come before the Court.

**C.     Compelling Reasons Favor Advancing The Hearing Date**

A timely hearing is necessary to the fair resolution of the case because Impax can only truly prevail in this action by doing so before the asserted patent expires.   In other contexts, a company that truly believed that its product would not infringe a competitor's patent, or that the patent was invalid or unenforceable, would be free to go to market and risk an infringement suit. ANDA applicants do not have that option because of the 30-month approval delay, and thus may be held hostage by even the most meritless infringement claims.

Swift resolution of this case would also promote the Hatch-Waxman Act's goal of speeding the introduction of generic drugs by allowing Impax, if it prevails, to enter the market before the asserted patent expires.  *See Andrx Pharm., Inc, v. Biovail Corp. Int'l*, 256 F.3d 799, 809 (D.C. Cir. 2001) ("Congress sought to get generic drugs into the hands of patients at reasonable prices—fast").  No public benefit is served by allowing a drug company to block competition with an invalid patent or spurious infringement allegations.  Speedy resolution advances the Act's goals.

## V.     CONCLUSION

For the foregoing reasons, Impax respectfully requests that the Court shorten the time for hearing Impax's summary judgment motion, either by reinstating the originally noticed hearing date of August 25, 2008, or by moving the hearing to the next-available hearing date thereafter.

Respectfully submitted,

Dated:  July 30, 2008                         KEKER & VAN NEST, LLP

By:  /s/  Asim M. Bhansali
ASIM M. BHANSALI
Attorneys for Defendant
IMPAX LABORATORIES, INC.

| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | DARALYN J. DURIE - #169825 |
| 2 | MARK A. LEMLEY - #155830 |
| | ASIM M. BHANSALI - #194925 |
| 3 | 710 Sansome Street |
| | San Francisco, CA 94111-1704 |
| 4 | Telephone: (415) 391-5400 |
| | Facsimile: (415) 397-7188 |
| 5 | E-Mail: ddurie@kvn.com |
| |     mlemley@kvn.com |
| 6 |     abhansali@kvn.com |
| 7 | Attorneys for Defendant |
| | IMPAX LABORATORIES, INC. |
| 8 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASTELLAS PHARMA INC. and BOEHRINGER INGELHEIM PHARMACEUTICALS INC., | Case No. 5:08-cv-03466 JW |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING DEFENDANT IMPAX LABORATORIES, INC.'S MOTION TO SHORTEN TIME** |
| v. | |
| IMPAX LABORATORIES, INC., | Judge:   Honorable James Ware |
| Defendant. | Date Comp. Filed:   July 18, 2008 |
| | Trial Date: None Set |

1   This _____ day of _____, 2008, Defendant Impax Laboratories, Inc.
2   ("Impax") having moved for an order shortening time for the hearing on its summary judgment
3   motion, and the Court, after considering the position of the parties and having concluded that
4   good grounds exist for the requested relief;
5   IT IS HEREBY ORDERED that Impax's Motion to Shorten Time is GRANTED, and
6   that the hearing on Impax's summary judgment motion shall be held on August 25, 2008.

_____
HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE