1  KEKER & VAN NEST, LLP
   DARALYN J. DURIE - #169825
2  MARK A. LEMLEY - #155830
   ASIM M. BHANSALI - #194925
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5  E-Mail:  ddurie@kvn.com
            mlemley@kvn.com
6           abhansali@kvn.com

7  Attorneys for Defendant
   IMPAX LABORATORIES, INC.
8

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

| 14 | ASTELLAS PHARMA INC. and BOEHRINGER INGELHEIM PHARMACEUTICALS INC., | Case No. 5:08-cv-03466 JW |
|---|---|---|
| 15 | | |
| 16 | Plaintiffs, | **DECLARATION OF ASIM M. BHANSALI IN SUPPORT OF DEFENDANT IMPAX LABORATORIES, INC.'S MOTION TO SHORTEN TIME** |
| 17 | v. | |
| 18 | IMPAX LABORATORIES, INC., | |
| 19 | Defendant. | Judge:     Honorable James Ware |
| 20 | | Date Comp. Filed:     July 18, 2008 |
| 21 | | Trial Date: None Set |

22

23

24

25

26

27

28

422233.01

DECLARATION OF ASIM M. BHANSALI IN SUPPORT OF DEFENDANT IMPAX LABORATORIES, INC.'S
MOTION TO SHORTEN TIME
CASE NO.5:08-cv-03466 JW

I, Asim M. Bhansali, declare:

1. I am a partner with the law firm of Keker & Van Nest, LLP, and I am one of the attorneys representing Impax Laboratories, Inc. ("Impax") in the above-captioned matter. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would testify competently and completely to the statements made herein.

2. Plaintiffs filed their Complaint in this action on Friday, July 18, 2008. The following Monday, I sent Plaintiffs' counsel a letter, a true and correct copy of which is attached hereto as Exhibit A, announcing Impax's intent to file an immediate summary judgment motion on the grounds that six claims of the asserted patent are invalid on the grounds of nonstatutory double patenting in light of Claims 3 and 4 of U.S. Patent No. 4,703,063, also owned by Plaintiff Astellas, and on the grounds that that none of the remaining claims of the asserted patent read on the drug at issue. That letter noted that in *Astellas v. Ranbaxy*, Plaintiffs conceded that they were not pursuing infringement claims based on the thirteen claims covered by Impax's noninfringement argument, and asked whether Plaintiffs would be willing to remove those claims, or any other issues, from this case (and thus Impax's motion), via stipulation.

3. Two days later, on July 23, 2008, having received no response to my letter, I called Plaintiffs' counsel and spoke with Simon Roberts, a partner at the firm representing Plaintiffs who was one of three lawyers on the Complaint in this action and also was one of the lawyers who worked on *Ranbaxy* . I told Mr. Roberts that we wished to notice the summary judgment motion for either August 25th, or, if Plaintiffs' counsel were unavailable that day, an available date in the first few weeks of September. Mr. Roberts did not indicate that he or any other necessary personnel were unavailable at any of those times, but said he would speak to the other attorneys on the case, one of whom, Mr. Robert Baechtold, was traveling. I told Mr. Roberts that if he was unable to get back to me with answers on those hearing dates quickly, that Impax would proceed with filing the motion for hearing on August 25, with the understanding that the parties might later agree to move the hearing by one or two weeks, if necessary.

4. On Friday July 25, 2008, I received a letter from Mr. Roberts, a true and correct copy of which is attached as Exhibit B. Mr. Roberts again indicated no specific difficulty with

1

DECLARATION OF ASIM M. BHANSALI IN SUPPORT OF DEFENDANT IMPAX LABORATORIES, INC.'S MOTION TO SHORTEN TIME
CASE NO. 5:08-cv-03466 JW

422233.01

1  attending a hearing on the proposed dates, but instead demanded that Impax send an advance
2  copy of its motion and allow Plaintiffs the opportunity to propose "a suitable hearing date."  Mr.
3  Roberts also requested that Impax provide certain information to allow them to determine
4  whether they would assert the thirteen claims they chose not to assert in *Ranbaxy*.  Because Mr.
5  Roberts did not indicate that counsel was unavailable on August 25 and instead sought an open-
6  ended delay in filing the motion, Impax filed the motion with a noticed August 25 hearing date.

7       5.    After learning of the Court's decision to change the hearing date to November 3,
8  2008, I immediately wrote to Plaintiffs' counsel to inform them of Impax's desire to request an
9  earlier hearing date.  I again asked whether Plaintiffs preferred either of the originally proposed
10 dates over the other.  On the infringement issue, I stated that Impax was willing to provide the
11 information Plaintiffs had requested, if Plaintiffs were willing to agree to certain confidentiality
12 restrictions.  A true and correct copy of my July 28, 2008 letter is attached as Exhibit C.

13      6.    I received a response from Todd Nosher, another of Plaintiffs' attorneys, on the
14 following day, July 29.  Mr. Nosher's letter stated that both Mr. Roberts and his partner Mr.
15 Baechtold were traveling and could not respond to my request regarding an available hearing
16 date until next week.  He also stated Plaintiffs' view that they had not "received the service
17 copies" of Impax's motion.  The letter also stated that the "volume and nature" of Impax's
18 submission rendered a hearing in August or September infeasible.  A true and correct copy of
19 Mr. Nosher's letter is attached as Exhibit D.

20      7.    I immediately called Mr. Nosher and explained to him that, while I understood
21 that Plaintiffs may disagree with Impax about the amount of time required to respond, I was
22 simply trying to ascertain their availability for a hearing on the motion.  Mr. Nosher said that he
23 could not obtain that information, either from an assistant to Messrs. Roberts or Mr. Baechtold,
24 or Messrs. Roberts and Baechtold themselves, who were traveling on business.  I also explained
25 that we had filed our motion and supporting papers using this Court's electronic filing system,
26 and that counsel of record  should have received notification.  I also explained that the
27 documents could be downloaded directly from the Court's website.  Indeed, from his letter, Mr.
28 Nosher appeared to have reviewed the Court's docket, at which point it would have been

2
DECLARATION OF ASIM M. BHANSALI IN SUPPORT OF DEFENDANT IMPAX LABORATORIES, INC.'S
MOTION TO SHORTEN TIME
CASE NO. 5:08-cv-03466 JW

422233.01

1  apparent that the papers were available there for downloading.  As the Court is aware, electronic
2  filings in ECF cases do not require delivery of an additional paper copy of the documents, under
3  Local Rule 5.5(b).
4      8.    The information included in Paragraphs 9 through 11 below pertains to the
5  requirements of Local Rule 6-3(a).
6      9.    Regarding Local Rule 6-3(a)(1) and 6-3(a)(3), the requested shortening of time is
7  necessary because Impax stands the risk of severe prejudice if the hearing on its summary
8  judgment motion is delayed.  As explained in the Motion, the disputed issues in this case are
9  already ripe for resolution, and unless Impax vindicates its position in this patent case before the
10 asserted patent expires in 15 months—including any necessary appeal of a trial court decision
11 against it—Impax will not gain any benefit from an eventual victory in this case, and Plaintiffs
12 will have succeeded in excluding generic competitors from the market, even if the patent is
13 found invalid.  Thus, the substantial harm or prejudice that would result from keeping the current
14 hearing date is the chance that Impax may well win this case, yet allow Plaintiffs the benefit of
15 an invalid patent.
16     10.   Regarding Local Rule 6-3(a)(4)(ii), the central issue in Impax's summary
17 judgment motion is whether certain claims of the asserted patent are invalid on the grounds of
18 nonstatutory double patenting, where those claims cover compounds that were specifically
19 disclosed in an earlier patent covering the processes for making those compounds—a pure
20 question of law.  If those claims are valid, Impax's answer, filed four days after the Complaint,
21 already admits that Impax infringed them.  Plaintiffs briefed this very question in an identical
22 case that they filed against a different defendant, but based on the same patent and branded
23 product.  Plaintiffs won on summary judgment in that case, but subsequent precedent has made
24 clear, as explained in Impax's motion, that the District of New Jersey's decision was wrongly
25 decided.  The only other issue in the motion (and in the case) is whether Plaintiffs can pursue an
26 infringement claim based on any of the remaining claims of the patent—claims that they did not
27 even assert in *Ranbaxy*, and that Plaintiffs' prior admissions show cannot cover the product at
28 issue.

3
DECLARATION OF ASIM M. BHANSALI IN SUPPORT OF DEFENDANT IMPAX LABORATORIES, INC.'S
MOTION TO SHORTEN TIME
CASE NO. 5:08-cv-03466 JW

422233.01

1   11.   Regarding Local Rule 6-3(a)(5)-(6), there have been no previous time
2 modifications in this case, and the only effect that the requested time modification would have
3 would be to obviate the need for further proceedings in the trial court, including the CMC
4 currently scheduled for November 3, 2008.

5   12.   Attached as Exhibit E is a true and correct copy of a printout from the website of
6 Fitzpatrick, Cella, Harper & Scinto.

7   I declare under penalty of perjury under the laws of the United States that the foregoing is
8 true and accurate to the best of my knowledge.

9   Executed this 30th of July 2008 in San Francisco, California.

11                    /s/  Asim M. Bhansali
                      ASIM M. BHANSALI

4
DECLARATION OF ASIM M. BHANSALI IN SUPPORT OF DEFENDANT IMPAX LABORATORIES, INC.'S
MOTION TO SHORTEN TIME
CASE NO. 5:08-cv-03466 JW

422233.01

# EXHIBIT A

LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ASIM M. BHANSALI
ABHANSALI@KVN.COM

July 21, 2008

**VIA FEDERAL EXPRESS**

Michael K. O'Neill  
Fitzpatrick, Cella, Harper & Scinto  
650 Town Center Drive  
Suite 1600  
Costa Mesa, CA 92626  

Robert L. Baechtold  
Simon D. Roberts  
Fitzpatrick, Cella, Harper & Scinto  
30 Rockefeller Plaza  
New York, NY 10112-3801  

Re: <u>Astellas Pharma Inc., et al. v. Impax Laboratories, Inc.</u>
    U.S.D.C., N.D. Case No. C08-cv-03466 JL

Dear Gentlemen:

Impax intends to answer the complaint in this action by denying only the validity of Claims 1, 2, 4, 8, 10 and 14 of the asserted patent, and infringement of the remaining claims. We also intend to file a summary judgment motion immediately, and wish to know whether Plaintiffs are willing to resolve any of the disputed issues by stipulation before we proceed with that motion.

The grounds for our motion reflect the positions set forth in our notice letter. In brief, we believe that Claims 1, 2, 4, 8, 10 and 14 of the asserted patent are invalid on the grounds of nonstatutory double patenting in light of Claims 3 and 4 of the '016 patent, and that none of the remaining claims of the asserted patent read on tamsulosin. In <u>Astellas v. Ranbaxy</u>, plaintiffs conceded that they were not pursuing infringement claims based on any of those claims, and we would like to know whether that is Plaintiff's position in this case as well, in order to spare the court unnecessary argument on infringement issues.

421686.01

Michael K. O'Neill
Robert L. Baechtold
Simon D. Roberts
July 21, 2008
Page 2

      Please let me know immediately whether Plaintiffs are willing to make the same concession here, or if you would like to discuss any other means of narrowing the issues that would otherwise be covered by the motion. If I do not receive at least a preliminary response by mid-day tomorrow, either by letter or telephone, I will assume that you do not believe there is any useful purpose to be served by meeting and conferring, and will proceed to file the motion at that time.

                                  Very truly yours,

                                  ASIM M. BHANSALI

AMB

421686.01

# EXHIBIT B

Case 5:08-cv-03466-JW    Document 17-2    Filed 07/30/2008    Page 4 of 12

# FITZPATRICK, CELLA, HARPER & SCINTO
30 ROCKEFELLER PLAZA
NEW YORK, NY 10112-3800
212-218-2100

FACSIMILE (212) 218-2200
WWW.FITZPATRICKCELLA.COM

WASHINGTON OFFICE
975 F STREET, N.W.
WASHINGTON, D.C. 20004-1405
(202) 530-1010
FACSIMILE (202) 530-1055

SIMON D. ROBERTS
DIRECT DIAL (212) 218-2547
E-MAIL sroberts@fchs.com

CALIFORNIA OFFICE
650 TOWN CENTER DRIVE, SUITE 1600
COSTA MESA, CALIFORNIA 92626-7130
(714) 540-8700
FACSIMILE (714) 540-9823

July 25, 2008

<u>VIA FACSIMILE</u>

Asim M. Bhansali
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:   <u>Astellas Pharma Inc., et al. V. Impax Laboratories, Inc.</u>
      U.S.D.C., N.D. Case No. C08-cv-03466 JL

Dear Mr. Bhansali:

      I write in response to your letter dated July 21, 2008 and your call of July 23.

      As a preliminary matter, please confirm whether Impax has agreed to waive formal service of the summons and/or that you are authorized to accept service of the complaint on Impax's behalf.

      In your letter, you asked whether Plaintiffs will assert infringement of claims other than claims 1, 2, 4, 8, 10 and 14. It is Plaintiffs intent at this stage to assert those claims. Whether any of the remaining claims will be asserted may depend on the substance and specifications of Impax's ANDA and any DMF's referenced therein, none of which we have had access to at present.

      In your telephone call, you asked us to agree on a hearing date for a summary judgment motion you intend to file. Without having seen that proposed motion and the allegations you make in support of it, we cannot tell how long it will reasonably take for us to respond to it, and whether it will require discovery. If you send us the papers you intend to file, we will review them and propose a suitable hearing date.

      You previously asked if we were willing to enter into stipulations to simplify the issues for the court. If that is still something you wish to explore, please let us know what specifically you have in mind.

Very truly yours,

*Simon Roberts /TMN*

Simon D. Roberts

# EXHIBIT C

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ASIM M. BHANSALI
ABHANSALI@KVN.COM

July 28, 2008

**VIA FACSIMILE**

Robert L. Baechtold
Simon D. Roberts
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, NY 10112-3801

Michael K. O'Neill
Fitzpatrick, Cella, Harper & Scinto
650 Town Center Drive
Suite 1600
Costa Mesa, CA 92626

Re: *Astellas Pharma Inc. v. Impax Laboratories, Inc.*; USDC Case No. 5:08-cv-03466 JW

Dear Counsel:

I write in response to Mr. Roberts' letter of July 25. (I understand some counsel may be on vacation this week, so I am sending this to all counsel.)

First, Impax has answered Astellas and Boehringer's (Astellas) complaint, obviating the need for service.

Second, when we spoke on Thursday, I had asked you to indicated availability for hearing on August 25 and a few of the subsequent motion days. You did not indicate unavailability on any of those days in your letter, so we filed our motion on Friday with an August 25 hearing date. The Court has subsequently moved the hearing date to November 3. We believe time is of the essence in this matter for the reasons stated in our motion. We therefore intend to ask the Court, on Wednesday, to move the hearing date back to August 25, or in the alternative, to September 8. If you prefer one of those two dates over the other, please advise me tomorrow, and we will ask the Court to set the hearing on that date.

As to your question about a stipulation, the stipulation we propose is one that would remove claims 3, 5-7, 9, 11-13, and 15-19 from the case, just as in the Ranbaxy action. The only active ingredient in Impax's formulation is tamsulosin. Therefore, Astellas has no basis for maintaining an infringement allegation as to those claims, which do not cover tamsulosin. So that you may confirm this, Impax is willing to produce a portion of its ANDA identifying the active ingredient, if you agree to keep that ANDA excerpt confidential and on an outside counsel only basis (similar to Patent Local Rule 2-2), and also agree not to use it for any purpose (including any FDA-related or patent prosecution uses) other than for this lawsuit.

422028.01

Robert L. Baechtold
Simon D. Roberts
Michael K. O'Neill
July 28, 2008
Page 2

      If there are other issues raised in Impax's summary judgment papers that Astellas does not intend to contest, we should discuss a stipulation on those issues as well, in order to streamline the issues in this matter.

Sincerely,

ASIM M. BHANSALI

AMB/gap

422028.01

# EXHIBIT D

# FITZPATRICK, CELLA, HARPER & SCINTO
30 ROCKEFELLER PLAZA
NEW YORK, NY 10112-3800
212-218-2100

FACSIMILE (212) 218-2200
WWW.FITZPATRICKCELLA.COM

WASHINGTON OFFICE
975 F STREET, N.W.
WASHINGTON, D.C. 20004-1405
(202) 530-1010
FACSIMILE (202) 530-1055

CALIFORNIA OFFICE
650 TOWN CENTER DRIVE, SUITE 1600
COSTA MESA, CALIFORNIA 92626-7130
(714) 540-8700
FACSIMILE (714) 540-9823

TODD NOSHER
DIRECT DIAL (212) 218-2278
E-MAIL tnosher@fchs.com

July 29, 2008

<u>VIA FACSIMILE</u>

Asim M. Bhansali
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:   <u>Astellas Pharma Inc., et al. v. Impax Laboratories, Inc.</u>
      Case No. 08-cv-03466 JL

Dear Mr. Bhansali:

I write in response to your letter dated July 28, 2008.

Mr. Roberts and Mr. Baechtold are both traveling on business this week and neither is available on Wednesday to discuss a hearing date with you. Moreover, we have still not received the service copies of your motion papers that you presumably filed on Friday. However, based on the indications of the volume and nature of those filings, as they appear on the Court's docket, we do not agree that a date in August or September would be feasible. If you seek to advance the hearing date, please inform the Court that we oppose your request and ask to be heard on the issue after we have seen and fully reviewed your papers.

Very truly yours,

Todd Nosher

# EXHIBIT E



**Astellas Pharma Inc., et al. v. Ranbaxy Inc., et al**
D.N.J. 2007
*Fitzpatrick Obtains Summary Judgment of No Double Patenting for Astellas Pharma and Boehringer Ingelheim*

In a case brought against generic pharmaceutical maker Ranbaxy, India's largest pharmaceutical company, Fitzpatrick successfully obtained summary judgment that Astellas Pharma's compound patent was not invalid for double patenting. Boehringer Ingelheim, which markets FLOMAX in the United States and licenses the patent from Astellas, also was represented by Fitzpatrick. The Court, whose analysis largely tracked Astellas/Boehringer's motion papers, adopted the position urged by the plaintiffs and found that Astellas' tamsulosin compound patent was not an obvious variant of an earlier Astellas patent claiming a process for making tamsulosin. The Court also enjoined F.D.A. from approving Ranbaxy's application to market its generic tamsulosin product at least until the expiration of the Astellas compound patent.

**REPRESENTATIVE CLIENTS**

**Related Attorneys**
Hugh C. Barrett, Ph.D.
Simon D. Roberts
Robert L. Baechtold
Joanna L. Garelick
Thomas Burns
Sarah Sheldon Brooks

**Related Practice Areas**
Litigation
Pharmaceuticals & Chemicals

View Attachment (PDF)

Back to Representative Cases



New York 212.218.2100 | California 714.540.8700 | D.C. 202.530.1
© Copyright 2000-2008 Fitzpatrick, Cella, Harper & ... ights Reserved.
Images are for design purposes only with actors ... some photos.
Attorney Advertising. Prior results do not guarantee a similar outcome. | Disclaime

Home | The Firm | Attorneys | Practice Areas | Clients & Cases | News & Press | Publications & Events | Careers