KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
ASIM M. BHANSALI - #194925
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
IMPAX LABORATORIES, INC

James McManis SB # 40958
Matthew Schechter SB # 212003
MCMANIS FAULKNER
Fairmont Plaza - 10th Floor
50 West San Fernando Street
San Jose, CA 95113
Telephone (408) 279-8700
Facsimile (408) 279-3244
jmcmanis@mcmanisfaulkner.com
mschechter@mcmanisfaulkner.com.

Robert L. Baechtold (admitted *pro hac vice*)
Bruce C. Haas (admitted *pro hac vice*)
Simon D. Roberts (admitted *pro hac vice*)
FITZPATRICK, CELLA, HARPER
 & SCINTO
30 Rockefeller Plaza
New York, NY 10112-3801
Telephone: (212) 218-2100
Facsimile: (212) 218-2200
rbaechtold@fchs.com
bhaas@fchs.com
sroberts@fchs.com

Attorneys for Plaintiffs
Astellas Pharma Inc., and
Boehringer Ingelheim Pharmaceuticals Inc

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ASTELLAS PHARMA INC. and BOEHRINGER INGELHEIM PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> v. <br><br> IMPAX LABORATORIES, INC., <br><br> Defendant. | Case No. 5:08-CV-03466 JW <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** <br><br> Judge: Honorable James Ware <br><br> Date Comp. Filed:  July 18, 2008 <br><br> Trial Date: |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, and employees.

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained, (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that contains non-public, confidential or proprietary business or personal information as applicable pursuant to the standards developed by Fed. R. Civ. P. 26(c).

2.4. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9. <u>Independent Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.10. <u>Professional Vendors</u>: persons or entities who are not current employees or affiliates of any party to this action that provide litigation support services (e.g., professional jury or trial consulting, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Order must

take care to limit any such designation to specific material that qualifies as "Confidential." A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL UNDER PROTECTIVE ORDER" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed as "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that a Party or non-party either (i) identifies on the record, before the close of the

deposition, hearing, or other proceeding, portions of testimony that qualify as "Confidential"; or (ii) serves a written notification on each other party within thirty (30) days of receipt of the transcript by counsel for the Designating Party. Such written notification shall identify the specific pages and lines of the transcript that contain "Confidential" Information. A copy of such written notification shall be attached to the face of the transcript and each copy of the transcript in the possession, custody, or control of any person to whom Protected Material is disclosed. All information disclosed during a deposition shall be treated as "Confidential" Information, until at least thirty (30) days after a transcript of the deposition is received by counsel for each of the parties. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL UNDER PROTECTIVE ORDER" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

          (c)    <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL UNDER PROTECTIVE ORDER". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

          5.3.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL UNDER PROTECTIVE ORDER" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL UNDER PROTECTIVE ORDER" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3.   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the persons and categories of persons, and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential"—subject to the prohibitions set forth in paragraph 7.4—only to:

(a)  the Receiving's Party's outside counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, including lawyers; assistants; paralegals; translators; court reporters; and photocopying and/or graphics or demonstrative services;

(b)  the following three (3) designated employees, and their assistants, in the legal department of each Plaintiff and Defendant who are working on or have responsibilities for this case and who are not responsible for making marketing or pricing decisions for tamsulosin products:

The legal department employees for Plaintiffs are:
Satoshi Nozaki
Tetsuya Kimizuka

———————

Michael Morris, Esq.
Edward Miller, Esq.
Paula Wittmayer, Esq.

1       The legal department employees for Defendant are:

2          Margaret Snowden, Esq.
           Huong Nguyen, Esq.
3       _____

4       (c)     Independent Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), pursuant to the procedures set forth in paragraph 7.3 below;

                (d)     the Court and its personnel;

                (e)     court reporters, translators, trial consultants, exhibit consultants, and their staffs, and professional vendors who are not current employees of any party to this action and to whom disclosure is reasonably necessary for this litigation;

                (f)     the original source of the information, or persons indicated on the face of the document to be an author or recipient of the document.

        7.3.    <u>Disclosure of "CONFIDENTIAL" Information or Items to designated employees of the parties identified in paragraphs 7.2(b) and "Independent Experts."</u>

                (a)     Every designated legal department employee identified in Paragraph 7.2(b) shall execute the Agreement to be bound by Protective Order (Exhibit A) acknowledging that he/she has read and understands the Stipulated Protective Order and acknowledging agreement to be bound by its terms. Outside Counsel for the party employing each designated employee shall retain the original of each such signed Agreement until the final termination of this action.

                (b)     Every Independent Expert shall execute the Agreement to be bound by the Protective Order (Exhibit A) acknowledging that he/she has read and understands the Stipulated Order, and acknowledging to be bound by its terms. For each Independent Expert to whom disclosure is intended, the party employing such Independent Expert shall, with five (5) business days prior notice of their intention to disclose "Confidential" materials to such independent expert, provide a copy of the Independent Expert's executed Agreement to be bound

by the Protective Order and make a written request to the Designating Party that (1) identifies the category (e.g. technical, financial) of information that the Receiving Party seeks permission to disclose to the Independent Expert; (2) sets forth the full name of the Independent Expert and the city and state of his or her primary residence; (3) attaches a copy of the Independent Expert's current curriculum vitae; (4) identifies the Independent Expert's current employer(s); (5) identifies each person or entity from whom the Independent Expert has received compensation for work in his or her areas of expertise or to whom the Independent Expert has provided professional services at any time during the preceding four (4) years; and (6) identifies (by name and case number, filing date, and location of court) any litigation in connection with which the Independent Expert has provided any professional services during the preceding four (4) years.

A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Independent Expert unless, within five (5) business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. If the Designating Party objects to the proposed disclosure within (5) business days after receipt of the notice of it, the disclosure may not be made without prior approval by the Court.

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party objecting to the disclosure to the Independent Expert may file a motion seeking a protective order. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why such disclosure to the Independent Expert should not be made and the harm that the disclosure would entail. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure

In any such proceeding, the Party opposing disclosure to the Independent Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Independent Expert.

7.4.     <u>Prohibition on Patent Prosecution Related Activities.</u>  Any person to whom disclosure is made or who otherwise learns of information such as scientific data or other design or development know-how designated as "CONFIDENTIAL UNDER PROTECTIVE ORDER" shall not have primary responsibility for the prosecution of any U.S. or foreign patents or patent applications (including any U.S. or foreign patent office proceeding such as reissue or reexaminations) for or related to any entity or individual, whether or not a Party to this action, that relate to tamsulosin or tamsulosin products, during the pendency of this action.  If any member of an Outside Counsel firm is engaged in any such actions prohibited by this sub-paragraph, the firm or party shall establish an ethical wall barring such persons and his/her staff and employees from having access to materials designated as "CONFIDENTIAL UNDER PROTECTIVE ORDER."  For purposes of this provision, patents or patent applications "that relate to tamsulosin or tamsulosin products" means any patent or patent application that purports to cover any tamsulosin product or that could be listed in the FDA's Orange Book regarding a tamsulosin product.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action by another party as "Confidential", the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five (5) business days after determining that the subpoena or order compels the disclosure of any information or items designated in this action as "CONFIDENTIAL UNDER PROTECTIVE ORDER."  Such notification must include a copy of the subpoena or court order.

1 　　　　The Receiving Party also must immediately inform in writing the Party who
2 caused the subpoena or order to issue in the other litigation that some or all the material covered
3 by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party
4 must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action
5 that caused the subpoena or order to issue.
6 　　　　The purpose of imposing these duties is to alert the interested parties to the
7 existence of this Protective Order and to afford the Designating Party in this case an opportunity
8 to try to protect its confidentiality interests in the court from which the subpoena or order issued.
9 The Designating Party shall bear the burdens and the expenses of seeking protection in that court
10 of its confidential material—and nothing in these provisions should be construed as authorizing
11 or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

12 　　　**9.　　UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**
13 　　　　If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
14 Protected Material to any person or in any circumstance not authorized under this Stipulated
15 Protective Order, the Receiving Party must immediately (i) notify in writing the Designating
16 Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the
17 Protected Material and to prevent further disclosure, (iii) inform the person or persons to whom
18 unauthorized disclosures were made of all the terms of this Order, and (iv); request such person
19 or persons, if qualified, to execute the "Acknowledgment and Agreement to Be Bound" that is
20 attached hereto as Exhibit A.

21 　　　**10.　　FILING PROTECTED MATERIAL**
22 　　　　Without written permission from the Designating Party or a court order secured
23 after appropriate notice to all interested persons, a Party may not file in the public record in this
24 action any Protected Material.  A Party that seeks to file under seal any Protected Material must
25 comply with Civil Local Rule 79-5.

26 　　　**11.　　FINAL DISPOSITION**
27 　　　　Unless otherwise ordered or agreed in writing by the Producing Party, within
28

sixty (60) days after the final termination of this action, each Receiving Party must, upon request from the Producing Party, return or destroy all Protected Material to the Producing Party. As used in this provision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, any Protected Material that remains in the possession, custody or control of the Receiving Party after the final termination of this action remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. MISCELLANEOUS

12.1. <u>Third Parties</u>. Third parties who produce information in this action may avail themselves of the provisions of this Order, and any Discovery Material produced by such third parties shall be treated by the parties in conformance with the Order.

12.2. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

12.4. <u>Inadvertent Production of Privileged Information</u>. If a Producing Party discovers that documents or information subject to the attorney-client privilege and/or work product immunity have been inadvertently produced, it shall be entitled to request the immediate return of such documents and information provided (i) the Producing Party has initially taken

1 reasonable measures to identify and withhold materials subject to such a claim, and (ii) the
2 Producing Party notifies the Receiving Party promptly after learning of such inadvertent
3 production. Upon notification from the Producing Party that an inadvertent production has been
4 made, together with identification of the material at issue and the nature of the claim being
5 asserted, the Receiving Party shall immediately retrieve and return to the Producing Party all
6 copies of such material, and the Receiving Party shall thereafter make no use of any kind of any
7 information obtained therefrom. The inadvertent disclosure shall not be deemed a waiver of that
8 privilege as to or immunity as to that information or as to any other information, documents,
9 testimony or evidence.

10         12.5.   <u>Client consultation</u>. Each Party and all persons bound by the terms of this
11 Protective Order shall only use any information or document designated "Confidential Under
12 Protective Order" in connection with the prosecution or defense of this action, except by consent
13 of the parties or by order of the Court. Except as provided for in this Order, no party or other
14 person shall disclose or release any information or document governed by this Protective Order
15 to any person not authorized pursuant to this Protective Order to receive such information or
16 document.

17         It is, however, understood that counsel for a party may give advice and opinions
18 to his or her client concerning the prosecution or defense of this action based on his or her
19 evaluation of designated "Confidential Under Protective Order" Information received by the
20 party, provided that such rendering of advice and opinions shall not reveal the content of such
21 information, except as permitted by this Protective Order or by prior written agreement with
22 counsel for the Producing Party.
23 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:
24
25
26
27
28

| | | |
|---|---|---|
| 1  Dated: November 12, 2008 | | FITZPATRICK, CELLA, HARPER & SCINTO |
| 2 | By: | *[signature]* |
| 3 | | Robert L. Baechtold |
| 4 | | Bruce C. Haas |
| | | Simon D. Roberts |
| 5 | | *Attorneys for Plaintiff* |

Dated: November 13, 2008            KEKER & VAN NEST LLP

By:  *[signature]*

Daralyn J. Durie
Asim M. Bhansali
Eric K. Chiu
*Attorneys for Defendants*

IT IS SO ORDERED.

Dated:  11/24/08

*[signature]*

~~The Hon. James Ware~~
~~United States District Court Judge~~

Richard Seeborg
United States Magistrate Judge

---

13
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:08-CV-03466 JW

424431.01

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of Astellas Pharma Inc. v. Impax Laboratories, Inc., Case No. 5:08-CV-03466 JW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed name: _____

Signature: _____